UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HENRY MARTENS,                                              CIV. NO. 13-2997 (JRT/JSM)

     Plaintiff,                                        REPORT AND RECOMMENDATION

v.

POSTMASTER DEB SJOSTROM,

     Defendant.

This matter came before the undersigned on defendant's Motion for Substitution and to Dismiss [Docket No. 3].  This matter was decided on the parties' written submissions pursuant to this Court's Order.  [Docket No. 9].

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

## I.   BACKGROUND

Plaintiff Henry Martens sued defendant Deb Sjostrom, a Postmaster with the United States Postal Service ("USPS"), in conciliation court in Minnesota state district court.  Notice of Removal, p. 1 [Docket No. 1].  Martens' Statement of Claim[1] stated that he had a forwarding address change dated December 7, 2012, but his mail was not forwarded until January 10, 2013.  Id., Ex. A (Statement of Claims and Summons) [Docket No. 1-1].  Martens alleged that because of the delay, he incurred a late fee in

---

[1]     The "Statement of Claim and Summons" is a form provided by the state district court through its website, www.mncourts.gov.  It can be used statewide in conciliation court actions.

the amount of $499.75.[2]  Martens sought to recover the late fee and his court filing fees,

for a total of $574.75.  Notice of Removal, p. 2.  The United States, acting on Sjostrom's

behalf, removed the matter to federal district court on November 1, 2013.  The United

States filed a Certification by John Marti, Esq. ("Marti Cert."), the acting United States

Attorney for the District of Minnesota.  [Docket No. 1-4].  Marti certified that with respect

to the incidents referenced in Martens' Statement of Claims, Sjostrom was acting within

the scope of her employment as a Postmaster for the USPS, an agency of the United

States, and was therefore, an employee of the United States at the time of the conduct

alleged in Marten's complaint.  Id.

    The United States removed the matter pursuant to 28 U.S.C. §1442(a)(1), which

provides that a civil action commenced in state court against any agency of the United

States or officer of the United States acting under color of office may be removed to

federal district court.  Notice of Removal, p. 2.  The United States also removed the

case pursuant to 28 U.S.C. §§1346(b), 2672 and 2679(b), which provide that the

exclusive remedy for negligent or wrongful acts or omissions of an United States

employee acting within the scope of her employment is an action against the United

States pursuant to the Federal Tort Claims Act ("FTCA").  Id., pp. 2-3.  Because the

matter had to be deemed a suit against the United States, it was removable pursuant to

28 U.S.C. §2679(d)(2).  Id., p. 3.

---

[2]    The Statement of Claim does not give any other information regarding the late
payment penalty or to whom the payment was due.  A letter later filed as Docket No. 10
attached a copy of a statement addressed to Martens from Agricredit describing
$499.75 as a "deferral" of a "prior late charge."

Immediately after removing the suit, the United States moved to substitute itself as defendant in Sjostrom's place and to dismiss the lawsuit. Memorandum in Support of Defendant's Motion for Substitution and to Dismiss ("Def. Mem."), p. 1 [Docket No. 4].

The United States moved to dismiss the matter pursuant to Rule 12(b)(1) and (b)(6) on the following grounds: First, the district court lacked subject matter jurisdiction to hear the matter because the real defendant in interest, the United States, had not waived its sovereign immunity from suits regarding injuries alleged as a result of misdelivered mail. Id., pp. 3-6. Second, even assuming that Martens could sue the United States under the FTCA, he failed to exhaust his administrative remedies as required by the FTCA. Id., p. 6 (citing 28 U.S.C. 2675(a)). In support of this argument, the United States filed the declaration of John Sigmon, a Consumer Relations Specialist for the USPS. Declaration of John Sigmon [Docket No. 6]. Sigmon stated that he searched for and could not locate any complaint filed by Martens with a USPS Consumer Advocate. Id., ¶3.

Third, Martens' complaint failed to state a claim for which relief could be granted and should be dismissed pursuant to Rule 12(b)(6). Assuming that the claim sounded in tort, it had to be dismissed pursuant to the FTCA's exhaustion requirement. Def. Mem., p. 8. If the claim sounded in contract, it was still subject to dismissal. The Little Tucker Act partially waives the United States' sovereign immunity for certain contract claims, but Martens did not plead jurisdiction under the Little Tucker Act, and even if he did, such jurisdiction does not exist. The Domestic Mail Manual ("DMM") does not create a contractual relationship between Martens and the USPS, and the USPS

regulations do not promise consumers a date on which their mail will be forwarded.  Id. (citing DMM 507.2.1-2.3).

The United States moved to substitute itself as the proper defendant, noting that pursuant to 28 U.S.C. 2679(d)(1):

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district Court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

The United States argued that substitution and dismissal of Sjostrom as a defendant was appropriate "unless the Plaintiff presents sufficient evidence that Ms. Sjostrom was not acting within the scope of her employment."  Id., p. 10.

## II.    LEGAL STANDARDS

### A.    Standard of Review for Rule 12(b)(1) Motion

Federal courts are courts of limited jurisdiction.  Steel Co. v. Citizens for a Better Env't, 523 U. S. 83, 94-95 (1998).  "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States' and is inflexible and without exception.  Id. (internal quotation and citation omitted.).  A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments.  See Osborn v. United States, 918 F.2d 724, 729 fn.6 (8th Cir. 1990).  In a facial challenge to jurisdiction, the court "determines whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint, and drawing all reasonable inferences in favor of the [non-moving party]."  Biscanin v.

Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).  See also

Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) ("In a facial challenge to jurisdiction, all

of the factual allegations concerning jurisdiction are presumed to be true and the motion

is successful if the plaintiff fails to allege an element necessary for subject matter

jurisdiction.") (citation omitted).  When a defendant brings a facial challenge to subject

matter jurisdiction, the court reviews only the pleadings, and the non-moving party

receives the same protections as it would defending Rule 12(b)(6) motion.  Osborn, 918

F.2d at 729, fn. 6.  In a factual challenge to jurisdiction, the court may consider matters

outside the pleadings and the non-moving party does not benefit from the safeguards of

Rule 12(b)(6).  Id.

The United States did not state whether it was bringing a facial or factual

challenge to subject matter jurisdiction, but it appeared that the challenge was factual as

it has relied on evidence outside of the Statement of Claim.

**B.    Standard of Review for Rule 12(b)(6) Motion**

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are

construed in the light most favorable to the non-moving party, and the facts alleged in

the complaints must be taken as true.  Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659,

665 (8th Cir. 2009).  In addition, a court must afford the plaintiff all reasonable

inferences from those allegations.  Blankenship v. USA Truck, Inc., 601 F.3d 852, 853

(8th Cir. 2010).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6),

litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil

Procedure and meet the principles articulated by the United States Supreme Court in

Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation."  Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).  Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

### C.   Standard of Review for Pro Se Litigants

Martens is unrepresented by counsel.   Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  Nevertheless, "'[t]hough pro se complaints are to be construed liberally, see Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), they still must allege sufficient facts to support the claims advanced.'"  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); see also Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (rejecting "merely general and conclusory allegations," and requiring that a "pro se complaint must contain specific facts supporting its conclusions.").

> When we say that a pro se complaint should be given liberal
> construction, we mean that if the essence of an allegation is
> discernible, even though it is not pleaded with legal nicety,
> then the district court should construe the complaint in a way

6

> that permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

Stone, 364 F.3d at 915.  Consequently, a court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (quoting Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

The Court now applies these principles to the instant motions.

## III.   DISCUSSION

On November 20, 2013, this Court issued an Order directing Martens to respond to the United States' motion on or before January 18, 2014.  [Docket No. 9].  On January 10, 2014, this Court received a document by United States mail addressed to this Court's Courtroom Deputy.  The Clerk of Court's office scanned this document and filed it on ECF as Docket No. 10. ("Martens' Letter").  This document consisted of a page with Martens' two addresses, one in Texas and one in Minnesota, and a note to "Pamela" (otherwise unidentified)[3] stating "Pamela I will send you documents to show you that Deb Sjostrom and the US Postal Service don't have clean hands.  This is not to be used in Defs case But I want to let you know I've been trying to get my mail corrected since 2009 or before."  Martens' Letter, p. 1.[4]  The second page is the invoice from Agricredit stating that Martens owed $499.75 as a prior late charge.  Id., p. 2.  The third page is a copy of a letter to Agricredit from Sjostrom explaining that "due to several

---

[3]    "Pamela" may be someone at Agricredit, as it appeared that Martens assembled information for Agricredit to explain the missed payment.

[4]    The Court is referring to the page numbers assigned through ECF.

communication errors at the fault of the USPS, [Martens'] mail was not actually forwarded until January 10" and asking Agricredit to do what it could to "alleviate this error." Id., p. 3. Page four appeared to be a note, possibly written by Martens or someone at Agricredit, stating that Martens incurred a late payment penalty of $499.75 and stating that the USPS was to have forwarded "the bill" "under the forwarding contract of December 7, 2012[.]" Id., p. 4. Page five is a letter to Sjostrom from Martens dated August 18, 2013, in which Martens stated that he incurred a $499.75 late charge "that someone is responsible for" and that he had a "contract to have [his] mail forward[ed] as of Dec. 7, 2012." Id., p. 5.

The Court cannot construe this filing as a response to the United States' motions as Martens did not address any of the arguments in favor of dismissal and substitution in these documents.[5] As a result, the Court has no choice but to conclude that Martens has waived any arguments in opposition to the motions. See Hewitt v. City of Minneapolis, Civ. No. 12-2132 (DWF/FLN), 2013 WL 718189, at *5, fn. 6 (D. Minn. Feb. 27, 2013) (failure to respond to motion results in waiver of arguments); Graham v. Rosemount, Inc., 40 F. Supp.2d 1093, 1101 (D. Minn. 1999) (failure to respond to defendant's arguments results in waiver).

Additionally, based on the United States' submission, the Court recommends its motions be granted on the merits.

---

[5]     The United States filed a Reply that did not acknowledge Martens' letter as a Response to its motion. Defendant's Reply [Docket No. 11]. The Reply merely stated that the United States was relying on its arguments in its memorandum in support of dismissal and substitution, and that the U.S. Attorney's office was attempting to coordinate with Martens and the U.S. Postal Service to address any forwarding issues with his mail while he spent the winter months in Texas. Id.

Sjostrom's role, if any, in failing to ensure that Martens' mail was forwarded was undertaken strictly in connection with her role as a USPS Postmaster while she was acting in the scope of her duties.  See Marti Cert.  The record contains no evidence to the contrary.  Therefore, substitution of the United States for Sjostrom as defendant is appropriate pursuant to 28 U.S.C. 2679(d)(1) and the suit must be construed as a suit against the United States.

The gist of Martens' complaint was that the USPS failed to properly forward his mail.  Statement of Claim, p. 1.  This claim is barred by sovereign immunity, it is exempt from the FTCA under the postal-matter exception, and must be dismissed for lack of subject matter jurisdiction.

"Under well-established and familiar principles of sovereign immunity, the United States may not be sued without its consent, and the terms of this consent define the jurisdiction of the courts to entertain a suit against the Government."  Stocker v. United States, 705 F.3d 225, 230 (6th Cir. 2013) (citing United States v. Testan, 424 U.S. 392, 399 (1976)).  Because the USPS "is an independent establishment of the executive branch of the Government of the United States," with "significant governmental powers," it "enjoys federal sovereign immunity absent a waiver."  Dolan v. United States Postal Serv., 546 U.S. 481, 483–484 (2006).  The gist of Martens' complaint was that the USPS failed to properly forward his mail.  Statement of Claim, p. 1.  This claim is barred by sovereign immunity, it is exempt from the FTCA under the postal-matter exception, and must be dismissed for lack of subject matter jurisdiction.

The United States has expressly retained sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of postal matter."  28 U.S.C.

9

§2680(b) (the "postal-matter exception"); see also Dolan, 546 U.S. at 489 ("We think it more likely that Congress intended to retain immunity, as a general rule, only for injuries arising directly, or consequentially, because mail either fails to arrive at all or arrives late, in damage condition, or at the wrong address. . .[s]uch harms, after all, are the sort primarily identified with the Postal Service's function of transporting mail throughout the United States."); Najbar v. United States 649 F.3d 868, 872 (8th Cir. 2011) (affirming dismissal of plaintiff's claim that she was injured when the USPS mistakenly returned a letter as undeliverable because her son was deceased, which was untrue, and noting that "the injury Najbar alleges, belief that the intended recipient has died, may be less typical, but it is still another example of the harm that may result when the Postal Service "fail[s] in [its] obligation to deliver mail in a timely manner to the right address"— such claims are barred by the postal-matter exception); Burkhart v. United States Postal Serv., Civ. No. 13-767 (PAM/JJK), 2013 WL 4521182, at *2 (D. Minn. Aug. 27, 2013) ("the United States has not waived its grant of sovereign immunity for claims such as this involving lost or stolen mail") (citing Johnson v. United States, Civ. No. 08-314, 2009 WL 236375, at *3 (D. Neb. Jan. 29, 2010) ("Claims for the loss, misdelivery or negligent transmission of letters or postal matter are one such type of claim excepted from the FTCA's waiver of sovereign immunity.")); Allied Coin Invest., Inc. v. United States Postal Serv., 673 F. Supp. 982, 983 (D. Minn. 1987) (the FTCA does not waive sovereign immunity "where the ultimate claim of liability remains misdelivery [of mail]."); Pruitt v. United States Postal Serv., 817 F. Supp. 807, 808 (E. D. Mo. 1993) (dismissing removed state small claims action based on plaintiff's claim that the USPS lost a package and noting that the United States was immune from such claims).

Even assuming that Martens' could sue the USPS pursuant to the FTCA for failing to forward his mail, which he cannot, Martens failed to exhaust his administrative remedies—a prerequisite to maintaining a suit under the FTCA.  28 U.S.C. §2675(a). Martens never alleged that he complied with the administrative requirements of the FTCA before filing his action nor is there any evidence it the record that he did so. According to the United States, the DMM described the hearing and appeal process for a consumer dissatisfied with postal services.  Def. Mem., p. 7; Sigmon Decl., Ex. A. While it appeared that Martens complained to Sjostrom about his mail service, there is no evidence that he made a written appeal of the local handling of his complaint to a Consumer Advocate—the administrative process described by the DMM.  Sigmon Decl., Ex. A, p. 7, §6.1.  As a result, Martens' claim would be barred for failing to exhaust administrative remedies, if it was not already barred by the postal-matter exception to the FTCA.

To the extent Martens' is claiming that he had a "contract" with the USPS for the forwarding of his mail, that claim also fails.  "The clear majority of courts of appeal that have addressed whether the [Contract Disputes Act] bars federal district court jurisdiction over breach of contract claims against the USPS have found that it does." Anselma Crossing, L.P. v. United States Postal Serv., 637 F.3d 238, 245 (3rd Cir. 2011).  The Eighth Circuit has held that claims such as Martens' claim are essentially disputes over postal services, even though they may "echo [in] contract."  LeMay v. United States Postal Serv., 450 F.3d 797, 801 (8th Cir. 2006).  In LeMay, the Eighth Circuit addressed a plaintiff's complaint that the USPS was not providing priority services despite its "contractual" obligation to do so.  The court noted that the Postal

Rate Commission had exclusive jurisdiction over complaints involving postal service, therefore, a federal district court lacks subject matter jurisdiction "over commonplace service complaints" despite "artful pleading."  Id. at 800–801; see id. at 800 ("[I]t is 'fairly discernable' that Congress intended to remove consideration of postal service complaints from the courts altogether."); Richards v. Great West. Ins. Co., Civ. No. 11-965 (JRT/TNL), 2012 WL 718715, at *4 (D. Minn. Mar. 5, 2012) (noting that 39 U.S.C. §3662[6] gives exclusive jurisdiction over disputes involving postal services to the Postal Rate Commission).

---

[6]    39 U.S.C. §3662 was amended in 2006.  The version of §3662 relied upon by the Eighth Circuit in LeMay stated:

> Interested parties who believe the Postal Service is charging rates which do not conform to the policies set out in this title or who believe that they are not receiving postal service in accordance with the policies of this title may lodge a complaint with the Postal Rate Commission in such form and in such manner as it may prescribe.

The revised version of this section continues to vest exclusive jurisdiction to decide disputes regarding postal service with the Postal Regulatory Commission, the redesignated Postal Rate Commission. Richards v. Great West. Ins. Co., Civ. No. 11-965 (JRT/TNL), 2012 WL 695991, at *7 (D. Minn. Jan. 13, 2012), Order Adopting Report and Recommendation, 2012 WL 718715 (D. Minn. Mar. 5, 2012).  The revised version of §3662 states:

> Any interested person ... who believes the Postal Service is not operating in conformance with the requirements of the provisions of sections 101(d) [(postal rates)], 401(2) [(adoption, amendment, and repeal of postal rules and regulations)], 403(c) [(postal rates, classes, and services)]...or this chapter (or regulations promulgated under any of those provisions) may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe.

39 U.S.C. § 3662(a).

Having concluded that the Court lacks subject matter jurisdiction to adjudicate plaintiff's claims, it is not necessary to reach the merits of the United States' motion to dismiss under Rule 12(b)(6).   Nevertheless, the Court observes that Martens' "Statement of Claims" did not satisfy the pleading standard of Rule 8, and Iqbal or Twombly—for example, Martens did not allege that he had a contract with the USPS (a claim that would have failed, at any rate), nor did he allege that he actually paid the late fee penalty.  While the requirements for a conciliation court claim in state court may not be the same for a suit in federal court and it is possible that Martens could add more facts to an amended pleading, repleading these claims will not save claim against the Postal Service because jurisdiction to hear such claims is vested solely in the Postal Regulatory Commission.  It is for this reason that this Court is recommending that Martens' complaint be dismissed with prejudice.  A district court is generally barred from dismissing a case with prejudice if it concludes that it lacks subject matter jurisdiction. County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004); see also Roth v. United States, 476 Fed. Appx. 95, 95 (8th Cir. 2012) (dismissal for lack of subject matter jurisdiction based on sovereign immunity should be without prejudice); Murray v. United States, 686 F.2d 1320, 1327, fn. 14 (8th Cir.1982) (affirming dismissal without prejudice where dismissal was granted on grounds of sovereign immunity).  Nonetheless, in light of the Postal Regulatory Commission's exclusive jurisdiction to hear Martens' complaint, dismissal without prejudice would potentially trigger a futile and costly cycle of refiling, removal and dismissal.  The fact of the matter is that there is no court of competent jurisdiction in which this complaint can be filed.  See Ericksen v. United States Post Office, Civ. No. 06-186 (JRT/RLE), 2006 WL 2583158, at *2 (D. Minn. Sept. 7, 2006)

(overruling plaintiff's objections to magistrate's recommendation that suit against the USPS regarding delivery of his mail be dismissed, but modifying the magistrate's recommendation that the matter be dismissed without prejudice, stating "[t]he Court finds there is no possible basis for federal jurisdiction over this dispute and as a result, will dismiss the case with prejudice."); Craan v. United States Army Corps of Eng'rs., 337 Fed. Appx. 682, 683 (9th Cir. 2009) (affirming district court's dismissal with prejudice of plaintiffs' FTCA claim based on sovereign immunity and lack of subject matter jurisdiction); Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988) (per curiam), cert. denied 490 U.S. 1098 (1989) (affirming district court's dismissal with prejudice, because "the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the [plaintiffs] redraft their claims to avoid the exceptions to the FTCA").

## IV.  RECOMMENDATION

For all of the foregoing reasons, this Court recommends that:

(1)  Defendants Motion for Substitution and to Dismiss [Docket No. 3] be **GRANTED;**

(2)  This matter be dismissed with prejudice.

Dated: March 17, 2014                    *Janie S. Mayeron*
                                         JANIE S. MAYERON
                                         United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 31, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.